UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONA GRIMMETT,

    Plaintiff,

SOUTHEAST MICHIGAN SURGICAL
HOSPITAL, LLC, OAKLAND MRI, LLC, and
MICHIGAN AMBULATORY SURGICAL
CENTER, LLC,

    Intervening Plaintiffs,

v.                                            Case No. 14-14646

ENCOMPASS INDEMNITY COMPANY,        HON. AVERN COHN

    Defendant.

_____/

## **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION, (Doc. 86)**

    This is a no-fault benefits case.

    On April 28, 2017, the Court denied without prejudice, (Doc. 84), defendant insurer's amended motion for summary judgment, (Doc. 70). The Court found the record unripe for summary judgment in defendant's favor for a host of reasons. These included (1) lack of documentation to substantiate plaintiff's claims for no-fault benefits, (2) that the video of plaintiff on which the defendant relied to deny coverage based on fraud was ambiguous, and (3) conflicting medical opinions as to causation and conflicting assertions of the parties as to what was submitted regarding the claims.

    On May 12, 2017, the defendant filed a:

- Motion to Strike the Affidavit of Dr. Lucia Zamorano and for Reconsideration of the Court's Order Dated April 28, 2017, (Doc. 86)

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h) which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

Defendant says there is palpable error in the Court's ruling because an unsigned affidavit of a treating physician, Dr. Zamorano, (Doc. 75 at 3-5), was part of the record.

The Court did not rely on Dr. Zamorano's affidavit. There was a conflict in the medical opinions of Drs. Radden, (Doc. 78), and Oney-Marlow, (Doc. 71-19 at 12-13), as to whether plaintiff's March 4, 2013 accident caused the problems leading to her 2015 lumbar back surgery. Further, Dr. Oney-Marlow stated the accident was related to the 2014 cervical back surgery, (Doc. 71-19 at 12); the opinion of Dr. Zamorano to that end was reflected in her treatment notes, (Docs. 77-4, 77-6), irrespective of the affidavit.

Defendant is not entitled to a rehearing or reconsideration on this basis. The motion is DENIED.[1]

---

[1] Defendant's motion to strike the affidavit is DENIED as unnecessary because the plaintiff has since filed a signed version of the affidavit, (Doc. 87).

SO ORDERED.

                                              s/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated:  May 30, 2017
        Detroit, Michigan